NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

APR 19 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMILIO BUSTAMANTE-MARINOS,
AKA Ernicio Bustamante-Mesta,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 14-70958

Agency No. A205-706-400

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 13, 2016[**]

Before:     FARRIS, TALLMAN, and BYBEE, Circuit Judges.

Emilio Bustamante-Marinos, a native and citizen of Peru, petitions pro se for

review of the Board of Immigration Appeals' order dismissing his appeal from an

immigration judge's decision denying his application for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").   Our

---

        [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

        [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.   See Fed. R. App. P. 34(a)(2).

jurisdiction is governed by 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184-85 (9th Cir. 2006), and we review de novo due process claims, *Vilchez v. Holder*, 682 F.3d 1195, 1198 (9th Cir. 2012). We deny petition for review.

Bustamante-Marinos claims past persecution and fears future persecution over a land dispute based on his family membership. Substantial evidence supports the agency's finding that he failed to establish past persecution. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153 (9th Cir. 2005) ("persecution is an extreme concept") (citation and internal quotation omitted). Substantial evidence also supports the agency's finding that Bustamante-Marinos failed to establish a well-founded fear of future persecution in Peru. *See Santos-Lemus v. Mukasey*, 542 F.3d 738, 743-44 (9th Cir. 2008) (family members remaining unharmed undermined applicant's well-founded fear of persecution based on family membership), *abrogated on other grounds by Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1093 (9th Cir. 2013) (en banc). Thus, Bustamante-Marinos's asylum claim fails.

Because Bustamante-Marinos failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye,* 453 F.3d at 1190.

14-70958

Substantial evidence supports the agency's denial of Bustamante-Marinos's CAT claim because he failed to establish that it is more likely than not that he would be tortured by or with the acquiescence of a government official if returned to Peru. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

Finally, to the extent Bustamante-Marinos raises a due process argument we reject it. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

**PETITION FOR REVIEW DENIED.**